THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

NELSON SANTIAGO COLON,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

**Civil No. 20-1199 (ADC)**
[Related to Crim. No. 13-098 (ADC)]

## OPINION AND ORDER

Pending before the Court is petitioner Nelson Santiago-Colón's ("petitioner") *pro se* supplemental motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. **ECF No. 2** ("Supp. Mot.").[1] The United States of America ("government") opposed. **ECF No. 13**. Petitioner filed a reply, followed by two supplemental replies. **ECF No. 16, 18, 21**.

Having considered the above filings and for the ensuing reasons, the Court **DENIES** petitioner's supplemental motion.

**I.**    **Factual and Procedural History**

On February 11, 2013, the government filed a criminal complaint against petitioner alleging three separate counts of transportation of a minor with intent to engage in criminal sexual activity in violation of 18 U.S.C. §2423(a). *See* Comp., *United States v. Santiago-Colón*, **Crim**

---

[1] Petitioner voluntarily withdrew his initial motion to vacate at **ECF No. 1** because, in his own words, "the motion contains frivolous arguments [and] the [p]etitioner wants to continue only with the supplemental motion at Docket (2)." **ECF No. 4**.

**No. 13-098, ECF No. 3**.[2] An indictment followed on February 20, 2013, adding an additional count for violation of 18 U.S.C. § 2423(a). **Crim. No. 13-098, ECF No. 13**.

In essence, the government charged petitioner with transporting four underage minors from the church where he worked as a pastor in Santa Isabel, Puerto Rico, to his home in Ponce, Puerto Rico, with the intent to engage in sexual activities with said minors. The government later filed two superseding indictments to add or correct details such as relevant time periods for the offenses, references to Puerto Rico law, and identifiers for each minor. *See* **Crim. No. 13-098, ECF Nos. 50** and **65**. On the eve of trial, the government moved to dismiss Count Two of the second superseding indictment related to acts against one of the four minors. **Crim. No. 13-098, ECF No. 78**. The Court granted the dismissal without prejudice. **Crim. No. 13-098, ECF No. 81**.

Trial commenced on November 12, 2014 and lasted four days. The government presented seven witnesses, including the three victims referenced in the indictment.[3] Petitioner did not present any witnesses. On November 17, 2014, the jury returned a verdict of guilty on all three remaining counts. **Crim. No. 13-098, ECF No. 89**.

---

[2] All references to the docket of *United States v. Santiago-Colón*, Crim. No. 13-098, shall hereinafter be "**Crim. No. 13-098**" followed by the applicable electronic docket entry, so as to distinguish these from references to the above-captioned civil case docket.

[3] In addition, the government presented the testimony of an individual who alleged to be a victim of petitioner's sexual abuse, but this conduct was not charged as part of the second superseding indictment.

The sentencing hearing was held on September 2, 2015. **Crim. No. 13-098, ECF No. 109**. After considering the parties' respective positions as to the pre-sentence report and petitioner's objections thereto, the Court sentenced him to 40 years imprisonment for each count to be served concurrently with each other, as well as a fifteen-year term of supervised release. **Crim. No. 13-098, ECF No. 125** at 43.

Petitioner filed a notice of appeal on September 4, 2015. **Crim. No. 13-098, ECF No. 111**. Petitioner did not appeal his conviction but rather the length and reasonableness of his sentence. On March 19, 2019, the First Circuit issued an Opinion denying his arguments in their entirety and affirming his sentence. *See* Opinion, *U.S. v. Santiago-Colón*, 918 F.3d 223 (1st Cir. 2019).

Little more than a year later, on April 29, 2020, petitioner filed his initial motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. **ECF No. 1**. Notwithstanding, on June 1, 2022, petitioner filed a supplemental motion containing different grounds for relief and asking the Court to grant leave for him to amend his petition pursuant to Fed. R. Civ. P. 15. *See* **ECF No. 2**. On September 12, 2022, petitioner formally requested that the initial motion be withdrawn without prejudice because it contained "frivolous arguments" and asked that the Court proceed only with his supplemental motion. **ECF No. 4**. The Court obliged. *See* **ECF No. 9**.

The government filed a response in opposition on March 13, 2023. **ECF No. 13**. After some confusion as to whether petitioner had received a copy of the government's response, petitioner filed two replies on April 20 and May 8, 2023. **ECF Nos. 16** and **18**. Petitioner later filed a

supplemental motion on August 7, 2023 which, given its content, the Court construes as a supplemental reply informing additional authority in support of his claims. **ECF No. 21**.

II.  **Discussion**

  A. **Whether petitioner's claims are time-barred.**

The Rules Governing § 2255 Proceedings ("§ 2255 Rules") provide instructions for filing and managing motions to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Rule 2 clearly instructs would-be petitioners that "the motion must… specify all the grounds for relief available to the moving party." § 2255 Rule 2(b). As relevant here, the timing for such motions is governed by 28 U.S.C. § 2255(f). *See* § 2255 Rule 3(c). And to be timely, the motion must be filed within a one-year limitations period that begins to run from the occurrence of latest of the following four dates:

> **(1)** the date on which the judgment of conviction becomes final;
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The government contends that petitioner's one-year statute of limitations period began to run on June 17, 2019—the date in which his conviction became final—and expired on June 17,

2020. **ECF No. 13** at 4, n. 4. In this timeframe, petitioner's initial motion was timely filed on April 29, 2020, but the government argues that his supplemental motion, filed on June 1, 2022, is outside of the limitations period. *Id.*, at 4. Because the grounds for relief asserted in the initial § 2255 petition were withdrawn as being frivolous by petitioner himself, the government asserts "that [petitioner's] claims [in his supplemental motion] are time-barred unless they relate back to his original § 2255 petition." *Id.*

Petitioner does not argue that a different occurrence or date governs his statute of limitation under 28 U.S.C. § 2255(f). Instead, petitioner argues that his supplemental motion relates back to his initial motion. Further, petitioner attempts to excuse his purported delay by alluding to a COVID-19 lockdown.

The Court will begin with this latter argument, construing it as one for the equitable tolling of the statute of limitations. To wit, in his first reply, petitioner briefly alleges that:

> "…COVID-19 related lockdown at his facility from March 13, 2020 to 2022; have inhibited his ability to conduct legal research and are difficulties posed by COVID-19 related to restrictions; furthermore, [p]etitioner could not have demonstrate a continued ability to litigate this case on his own, including filing the present motion accompanied by declaration and memorandum of law complete with citation to legal authority…. he depends on someone to assist him in the legal arguments. Finally, the BOP extended or modified currently existing COVID-19 restrictions."

**ECF No. 16** at 7. In order to assert equitable tolling, "a *habeas* petitioner must demonstrate that he or she has diligently pursued her rights, but some extraordinary circumstance, or obstacle, prevented timely filing" *See Blue v. Medeiros*, 913 F.3d 1, 8 (1st Cir. 2019). Petitioner's proffered

excuse falls short of this standard. First, it is undermined by the fact that he was able to file his original motion to vacate, set aside, or correct sentence—an 86-page document—on April 29, 2020, well after his facility allegedly entered the COVID-19-related lockdown. Second, petitioner does not endeavor to explain, much less persuasively demonstrate, that the COVID-19 lockdown prevented his timely filing of the claims that he later included in his supplemental motion. Therefore, the Court sees no reason to consider any date other than June 17, 2020 for the expiration of statute of limitations.

Consequently, to be timely, petitioner's claims included in his supplemental motion must "relate back" to those of the initial motion in accordance with Fed. R. Civ. P. 15(c)(1). *See Mayle v. Felix*, 545 U.S. 644 (2005) (applying Rule 15 to federal habeas proceedings); *U.S. v. Ciampi*, 419 F.3d 20, 23 (1st Cir. 2005) ("[Rule 15] governs amendments to habeas petitions in § 2255 proceedings."). Rule 15 provides that an amendment to a pleading will relate back the filing of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading," among other instances not relevant here. *See* Fed. R. Civ. P. 15(c)(1)(B). In the habeas context, this means that "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." *Mayle v. Felix*, 545 U.S. at 664. But this relations-back standard "is to be strictly construed[ ] in light of 'Congress' decision to expedite collateral attacks by placing stringent time restrictions on them.'" *U.S. v. Ciampi*, 419 F.3d at 23 (quoting *Mayle v. Felix*, 454 U.S. at 657). Thus, the amended petition "must

not depend on events which are separate both in time and type from events upon which the original claims depended." *Id.*, at 24.

In applying this relations-back test, two considerations must be had. First, that under the test, "the period of limitations in 28 U.S.C. § 2255(f) should be applied on a claim-by-claim basis." *Capozzi v. U.S.*, 768 F.3d 32 (1st Cir. 2014). Second, that the "conduct, transaction, or occurrence" cannot be defined so broadly as meaning petitioner's trial, conviction, or sentence. This proposition was expressly denied in *Mayle v. Felix*, 545 U.S. at 664. Thus, "the standard cannot be satisfied 'merely by raising some type of ineffective assistance in the original petition, and then amending the petition to assert another ineffective assistance claim based upon an entirely distinct type of attorney misfeasance." *Turner v. U.S.*, 699 F.3d 578, 585 (quoting *Ciampi*, 419 F. 3d at 24). Consequently, by comparing the claims raised in both motions, the Court can determine whether the new claims meet the requirements of Rule 15.

Petitioner's supplemental motion seeks relief on three main grounds. First, that the U.S. Sentencing Guidelines ("U.S.S.G.") computation used in the calculation of his sentence was erroneous considering the Sentencing Commission's Amendment No. 812. In a nutshell, petitioner argues that the Court erroneously applied the U.S.S.G., specifically, U.S.S.G. § 2G1.3(b)(3), and that the Commission's Amendment No. 812, effective November 1, 2018, makes this clear. Supp. Mot., at 7-8; *see also* **ECF No. 16** at 9. Second, petitioner argues that his trial counsel was ineffective for not objecting to the application of U.S.S.G. § 4B1.5(b)(1) enhancements. Supp. Mot., at 9-11. And third, petitioner argues that his appellate counsel was

ineffective for failing to raise Fifth Amendment due process and double jeopardy claims on direct appeal. *Id.*, at 13-17. Petitioner bases this last claim on malicious prosecution and on *Commonwealth of Puerto Rico v. Sánchez-Valle*, 136 S. Ct. 1863 (2016).

Petitioner's initial motion, in contrast, sought relief under four main grounds and several sub-grounds. Almost all of these bear no relation to any type of sentencing miscalculation, but rather relate to his trial counsel's pre-trial and post-trial performance, his appellate counsel's failure to raise stronger arguments on appeal, and alleged issues regarding the initiation and prosecution of his federal case vis-a-vis his Puerto Rico cases. *See* **ECF No. 1-1** (withdrawn pursuant to **ECF Nos. 4** and **9**). As a result, the Court finds that the supplemental motion's first and second grounds for relief do not relate back to the filing of the initial petition and are thus time-barred under 28 U.S.C. § 2255(f)(1).[4]

The supplemental motion's third ground for relief presents a different situation. In the initial motion, petitioner raised a claim for ineffective assistance of appellate counsel related to several unraised arguments, including "failure to raise Fifth Amendment due process claim that federal prosecutors were interfering with the Commonwealth's prosecution" and "failing to raise a Fifth Amendment double jeopardy issue during the course of the direct appeal when, during that time, the U.S. Supreme Court decided *Commonwealth of Puerto Rico v. Sánchez-Valle*,

---

[4] Although time-barred, the Court observes that both claims are frivolous and have no basis on the record. Critically, petitioner was not sentenced under U.S.S.G. § 2G1(b)(3), a fact that defeats the entire premise of the supposed application of Amendment No. 812. *See* Sentencing Hrn'g Tr., **Crim. No. ECF No. 125** at 37-38. Because petitioner relies heavily on this erroneous assumption, many of the arguments set forth in the supplemental motion and the several replies filed by petitioner fail on their face.

136 S. Ct. 1863 [(2016)]." **ECF No. 1-1** at 8. Although petitioner did not develop these claims very well in his initial motion, they do mirror those asserted in the supplemental motion's third ground for relief—something the government confidently concedes to in its opposition. *See* **ECF No. 13** at 11, nn. 11 and 12. These claims could arguably be considered as "attempted to be set out" in the initial motion for purposes of Fed. R. Civ. P. 15(c)(1)(B). Out of an abundance of caution, and in benefit of *pro se* petitioner, the Court will consider that the supplemental motion's third claim for ineffective assistance of appellate counsel relates back to the filing of the initial motion and is not time-barred under 28 U.S.C. § 2255(f)(1).

Therefore, the Court finds that petitioner's claims as to his sentencing guideline calculation and ineffective assistance of *trial* counsel are time-barred. Notwithstanding, his claims of ineffective assistance of *appellate* counsel are sufficiently related to those raised in his initial motion to relate back to the latter's filing date. The Court will therefore proceed to consider these on their merits.

> **B. Whether petitioner's appellate counsel was ineffective for failing raise double jeopardy and due process arguments on appeal.**

Where a petitioner moves to vacate his sentence on ineffective assistance of counsel grounds, he must show that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." *Strickland*, 466 U.S. at 686. "In order to succeed on an ineffective assistance claim, a '[petitioner] must show both that counsel's performance was deficient and that it prejudiced his defense.'"

*Rojas-Medina v. United States*, 924 F.3d 9, 15 (1st Cir. 2019) (citing *Janosky v. St. Amand*, 594 F.3d 39, 45 (1st Cir. 2010)). "Unless a defendant makes **both showings**, it cannot be said that the conviction… resulted from a breakdown in the adversary process that renders the result unreliable." *Strickland*, 466 U.S. at 687 (emphasis added). This standard is applicable to claims of ineffective assistance of appellate counsel. *Evitts v. Lucey*, 469 U.S. 387, 395 (1985). "A [petitioner's] failure to satisfy one prong of the *Strickland* analysis obviates the need for a court to consider the remaining prong." *Tevlin v. Spencer*, 621 F.3d 59, 66 (1st Cir. 2010) (citing *Strickland*, 466 U.S. at 697). Thus, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice … that course should be followed." *Strickland*, 466 U.S. at 679. *See also Martínez-Armestica v. United States*, 468 F. Supp. 3d 470, 473–74 (D.P.R. 2020).

The Court will begin with petitioner's double jeopardy claim and later address his due process claim. If it finds that petitioner suffered no prejudice from his appellate counsel's alleged omissions, petitioner's claims fail the *Strickland* standard.

**1. Appellate counsel's failure to raise a double jeopardy claim.**

The double jeopardy clause guarantees that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V, cl. 2. "It protects an individual against (1) a second prosecution for the same offense, following an acquittal; (2) a second prosecution for the same offense, following a conviction; and (3) multiple punishments for the same offense." *United States v. Owens*, 917 F.3d 26, 42 (1st Cir. 2019) (citing *U.S. v. Stoller*, 78 F.3d 710, 714 (1st Cir. 1996)) (quotation marks omitted). "[W]here the same act or transaction

constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (1932).

Petitioner argues that his appellate counsel was ineffective for not raising a double jeopardy argument on appeal based on *Commonwealth of Puerto Rico v. Sánchez-Valle*, 136 S. Ct. 1863 (2016). In *Sánchez-Valle*, the Supreme Court held "that the dual-sovereign doctrine does not bar a defendant from raising a double jeopardy claim when he is being subjected to successive prosecutions in Puerto Rico's local courts and federal courts for the same offense." *United States v. Almonte-Nunez*, 963 F.3d 58, 69 (1st Cir. 2020). Petitioner 's claim is that he was prosecuted by the same sovereign (the federal government and the Puerto Rico government) for the same offense, and that his appellate counsel was ineffective for not raising that claim in his appeal.

As a purely chronological matter, petitioner *could* have raised on appeal an argument based on *Sánchez-Valle* given that the decision was issued on June 9, 2016 and petitioner's appellate brief was filed on July 8, 2016. Hypothetically speaking, his appellate counsel *could* have read *Sánchez-Valle* and considered its applicability to his case before filing his appellate brief. But any such claim, as explained below, would have been frivolous, and his appellate counsel was not ineffective for not including it in his appeal.

The government rightly points out in its response that petitioner was not subjected to prosecution for the same offense in the federal and Puerto Rico courts. **ECF No. 13** at 10-11. Petitioner was tried and convicted in federal court for violating 18 U.S.C. § 2423(a), which, as

relevant here, criminalizes the transportation of individuals under the age of 18 years with the intent of engaging in sexual activity chargeable as a criminal offense. On the other hand, according to the Pre-Sentence Report ("PSR"), petitioner was charged in Puerto Rico courts under four separate local statutes: Article 105 of the Puerto Rico Penal Code of 1974, P.R. Laws Ann. t. 33 § 4067 (2003); Article 142 of the Puerto Rico Penal Code of 2004, P.R. Laws. Ann. t. 33 § 4770 (2011); Article 144 of the Puerto Rico Penal Code of 2004, P.R. Laws Ann. t. 33 § 4772 (2011); and Article 75 of the Comprehensive Child Wellbeing and Protection Act, Act No. 177-2003, P.R. Laws Ann. t. 8 §450c (2010).[5] *See* **Crim No. 13-098, ECF No. 112** at 14, ¶ 84. These laws criminalized the commission of lewd acts (Art. 105; Art. 144), sexual assault (Art. 142), and sexual abuse (Art. 75).

Under *Blockburger*, the federal and Puerto Rico statutes do not criminalize the same offense if one required "proof of a fact that which the other does not." *Blockburger*, 284 U.S. at 304. Here, the Court need only single out the fact that to be convicted under 18 U.S.C. § 2423(a), the government must prove that the defendant "**knowingly transport[ed]** an individual who has not attained the age of 18 years… with the intent that the individual engage in… any sexual activity for which any person can be charged with a criminal offense…." 18 U.S.C. § 2423(a) (emphasis added). Transportation is an essential element of the federal crime, and none of the

---

[5] The government purported to include direct citations to the above statutes in its response, but neglected to consider that these belong to prior versions of the Puerto Rico Penal Code. However, the Commonwealth court records for the cases cited in the PSR included such information and the Court was able to locate and confirm the content of these statutes by consulting appropriate editions of the P.R. Laws. Ann. collection, indicated in the citations used in this Opinion & Order by the year listed in parenthesis.

statutes for which he was charged in Puerto Rico courts contained the transportation of a minor as an element of the crime. Therefore, 18 U.S.C. § 2423(a) requires "proof of a fact" that the Puerto Rico statutes do not.

Moreover, 18 U.S.C. § 2423(a) does not require proof that the intended sexual act was committed, only that it was intended. On the other hand, the Puerto Rico statutes all criminalize the actual performance of a sexual act. *See* Art. 105 ("Every person who, without intending to consummate sexual intercourse, **commits** any indecent or lewd act with another person…."); Art. 142 ("Any person who **performs** sexual penetration, whether vaginal, anal, oral-genital, digital or instrumental…"); Art. 144 ("Any person who without the intention to consummate the crime of sexual assault described in [Art. 142] **submits** another person to an act that tends to awaken, excite, or satisfy the sexual passion or desired of the accused…."); Art. 75 ("Any father, mother or person responsible for the wellbeing of a minor or any other person who, through an intentional **commission of an act or omission** which causes harm to a minor or puts his health or physical, mental, or emotional integrity at risk, including, but not limited to, **incurring in conduct** that constitutes a sexual offense….") (emphasis added). Therefore, the local statutes require "proof of a fact" that the federal statute does not.[6]

In consequence, any claim that a violation of 18 U.S.C. § 2423(a) and the Puerto Rico statutes cited above constitute the same offense would have failed the *Blockburger* test, as both

---

[6] The age of the minors involved also differs across some of the statutes at issue. To wit, Article 105 of the 1974 Penal Code and Articles 142 and 144 of the 2004 Penal Code apply to minors under fourteen and sixteen years old, respectively, whereas 18 U.S.C. §2423(a) applies if the minor is under eighteen years of age.

sets of statutes require "proof of a fact that which the other does not." *Blockburger*, 284 U.S. at 304. Simply put, the federal and local statutes punish different offenses for which the prosecutor in each case would ultimately have to prove different facts in order to convict. For this reason, petitioner suffered no prejudice from his appellate counsel's decision not to include a double jeopardy claim in his appeal. Having suffered no prejudice, petitioner's ineffective assistance claim fails the *Strickland* test.

### 2. Appellate counsel's failure to raise a due process clause claim.

In his supplemental motion to vacate, petitioner asserted that his appellate counsel failed to raise on appeal an alleged violation of his due process rights under the Fifth Amendment, U.S. Const. amend. V, cl. 3. *See* Supp. Mot., at 13-14. He alleged, in essence, that the Puerto Rico and federal prosecutors agreed to initiate the federal proceeding against him and proceed to trial while staying the local case, all so that he could not then claim the protection against double jeopardy with regards to his federal sentence. *Id.* This, he holds, amounted to prosecutorial misconduct "because it was done with malice[ ] to ensure that [he] would be stuck with [a] 40-year federal sentence, as opposed to his 15-year sentence from the Commonwealth." *Id.*, at 14.

This claim is little more than an unsubstantiated, meritless *ex post facto* accusation. For starters, as stated above, the Supreme Court's decision in *Sánchez-Valle* was issued on June 9, 2016. Petitioner, in contrast, was indicted by federal prosecutors more than three years earlier, on February 20, 2013. *See* **Crim No. 13-098, ECF No. 13**. His trial, moreover, began on November 12, 2014 and ended with a guilty verdict days later on November 17—about a year and a half

prior to the issuance of *Sánchez-Valle*. *See* **Crim No. 13-098, ECF Nos. 83** and **90**. Furthermore, petitioner received his 40-year sentence on September 2, 2015, also prior to *Sánchez-Valle*. *See* **Crim No. 13-098, ECF No. 109**. The Puerto Rico and federal prosecutors handling his cases could not have known the results of *Sánchez-Valle* beforehand—they are not soothsayers nor have crystal balls portending the future.[7] It is hard to see how they could have coordinated the deprivation of petitioner's double jeopardy rights under *Sánchez-Valle* years before the decision recognizing them was written.

If that were not enough, prior to *Sánchez-Valle*, Puerto Rico and the federal government had been long considered separate sovereigns for double jeopardy purposes. Therefore, the Puerto Rico and federal prosecutors had no reason to confabulate to hold either trial first in order to deprive petitioner of any double jeopardy rights, as the Commonwealth would have had no such concerns under the then prevailing understanding of the dual sovereignty doctrine as applied to Puerto Rico.

Finally, to leave no stone unturned, the Court addresses what it considers to be the underlying theme behind petitioner's motion. Petitioner's intent is, evidently, to cast a shadow of impropriety over the local and federal prosecutors, using the timing of his federal trial as self-evident proof that there was something untoward in the proceedings against him. His sole factual support is limited to a footnote where he notes the local prosecutor attended his

---

[7] Even the Puerto Rico Supreme Court's decision in *Pueblo v. Sánchez Valle*, 192 P.R. Dec. 594 (2015), from which the Supreme Court's *Sánchez-Valle* opinion arose, was issued after petitioner's trial, on March 20, 2015.

sentencing hearing and that, at the outset of said hearing, the federal prosecutor acknowledged the presence of the local prosecutor and stated that she had "helped [him] prosecute the case." *See* Supp. Mot., at 13; *see also* **Crim. No. 13-098, ECF No. 125** at 2. Beyond that, petitioner merely points the Court to the case docket which he alleges shows that the local prosecutors "became frustrated when they realized that there were significant problems" in the local cases. *Id.*, at 10.

However, no such "frustration" is evident from the case docket. What is evident is that petitioner was afforded ample time and opportunity to prepare his defense and to attend matters pertaining to the local prosecution. The Court celebrated several status conferences and maintained an orderly pre-trial schedule. During these conferences, the parties openly discussed the pendency of the local prosecutions. *See* **Crim. No. 13-098, ECF No. 39** ("Government informs that defendant is facing local charges, therefore, if Petite Policy issues arise[,] it [would] apply to only one victim and will seek authorization for a waiver."). Furthermore, it was petitioner himself who requested the November 2014 trial dates. *Id.* ("Counsel for defendant requests a trial date in November, 2014…"). Far from demonstrating anything improper, the record shows that due consideration was given to petitioner's circumstances.[8]

For all the above, any claim by petitioner at the time of his appeal that double jeopardy applied or that the later-in-time local prosecution infringed on his due process rights would

---

[8] Petitioner cites in support of his argument language from the First Circuit's judgment in *Santana-Ríos v. U.S.*, No. 17-1199 (1st. Cir. April 1, 2019) alluding to "privity" between state and federal prosecutors. *See* Supp. Mot., at 12. However, the concept of privity was there discussed in the context of the possible application of collateral estoppel to preclude the re-litigation of an issue in federal court that had been already decided in a Puerto Rico court—a scenario petitioner does not argue is applicable here (nor could he).

have been meritless. As such, petitioner cannot show any prejudice form his appellate counsel's failure to raise these arguments on appeal.

### C. No need for an evidentiary hearing.

"A district court may dismiss a [§] 2255 petition without holding an evidentiary hearing if it plainly appears on the face of the pleadings that the petitioner is not entitled to the requested relief, or if the allegations [] consist of no more than conclusory prognostication and perfervid rhetoric." *Moreno-Espada v. United States*, 666 F.3d 60, 66 (1st Cir. 2012) (citations omitted).

Pursuant to the preceding analysis, the Court will not hold an evidentiary hearing. Petitioner's claims are not colorable under *Strickland* or *Sánchez-Valle* and do not present a factual or legally complex matter. The underlying facts are sufficiently developed on the record and petitioner has not demonstrated a need to investigate them further. *See*, *Acosta-Andujar v. U.S.*, 74 F.Supp.3d 496, 499 (2015) (citing *United States v. Mala*, 7 F.3d 1058, 1063-64 (1st Cir. 1993). The Court is thus not persuaded that an evidentiary hearing is warranted.

### D. Certificate of appealability.

Rule 11(a) of the Rules Governing § 2255 Proceedings provides that a "district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant." To merit a COA, an applicant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Court **DENIES** the COA because no such showing was made.

### III. Conclusion

For the above-stated reasons, the Court **DENIES** petitioner's supplemental motion to vacate, set aside, or correct sentence at **ECF No. 2**. The above-captioned case is **DISMISSED**. Judgment shall be entered accordingly.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 28th day of September, 2023.

                                                    **S/AIDA M. DELGADO-COLÓN**
                                                      **United States District Judge**